IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Therl Taylor, #260961, ) | |
| ) | Case No: 2:16-cv-3084-RMG |
| Plaintiff, ) | |
| ) | **ORDER and OPINION** |
| v. ) | |
| ) | |
| Walter Worrick, et al., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 12). The Magistrate Judge has recommended that the Court **summarily dismiss** the Complaint, with prejudice and without issuance and service of process. The Court agrees with the Magistrate's analysis so **ADOPTS** the R & R as the order of the Court.

### I.    Legal Standard

#### a.    Report and Recommendation from the Magistrate

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

#### b.    The Prison Litigation Reform Act (PLRA)

The PLRA, at 28 U.S.C. § 1915(g) provides that:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*See McLean v. United States*, 566 F.3d 391, 404 (4th Cir. 2009). "[I]f a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed IFP but rather must pay up-front all filing fees for his subsequent suits." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013), as amended (October 22, 2013). This means that, after receiving three strikes, a plaintiff will have to pay the full filing fee for almost any future non-habeas civil actions that he might wish to file. *Id.* at 610.

## II.    Background

Plaintiff is a state prisoner serving concurrent state sentences for murder (36 years) and possession of a weapon during the commission of a violent crime (5 years). Plaintiff's application for Post-Conviction Relief was denied. Plaintiff's federal habeas petition was dismissed on the merits. *See Taylor v. Warden*, Case No. 2:13-cv-2213-RMG-WWD, 2014 WL 4721183 (D.S.C. Sep. 22, 2014), *appeal dismissed*, 594 F.App'x 186 (4th Cir. March 2, 2015), *cert. denied*, 136 S.Ct. 323 (Oct. 13, 2015).

Plaintiff, proceeding *pro se* and *in forma pauperis* (IFP), commenced this action with a lengthy, 163-page complaint (with attachments) in September 2016. (Dkt. No. 1). The Magistrate issued her R & R on November 22, 2016, and Plaintiff filed objections to the R & R on February 2, 2017. (Dkt. Nos. 12, 19.)

Liberally construed, Plaintiff's complaint contains allegations that on several occasions, he was transferred to a different cell, unit, and/or prison. For the reasons stated in the R & R, Plaintiff's claims are entirely without merit.

Plaintiff seeks: 1) compensatory damages from each Defendant 2) punitive damages from defendants Worrick, Pate, Grubbs, and Smith; 3) a declaration that the Defendants violated his "federal/constitutional rights;" 4) an "Injunction that the actions, suffering and pain inflicted by defendants will not occur again;" and 5) any other relief. (Dkt. No. 1 at 10.)

### III.    Plaintiff's Objections to the R & R

The Magistrate Judge construed Plaintiff's complaint liberally and determined that Plaintiff had not stated any claim for relief. Plaintiff has filed twelve pages of objections to the Magistrate's R & R, totaling some eighty-nine (89) specific numbered objections. The Court has reviewed all of these.

Plaintiff's objections are general objections to the Magistrate's recommendation (e.g. conclusory claims that Plaintiff's complaint has merit), recycled arguments from the complaint, or restatements of facts. Many of the objections are simply personal attacks on the Magistrate. Plaintiff otherwise has objected to items in the R & R that have no bearing on the outcome of this case.

The Court finds that the Magistrate gave all claims in Plaintiff's complaint a generously liberal construction. This Court has, in turn, liberally construed Plaintiff's claims and objections because Plaintiff is proceeding *pro se*. The Court finds that the Magistrate's R & R has adequately explained why each of Plaintiff's claims lacks merit. The Court agrees with the Magistrate that Plaintiff's complaint is subject to summary dismissal because it attempts to sue individuals protected by Eleventh Amendment immunity, fails to state a plausible claim for

violation of any constitutional right, improperly attempts to sue supervisory defendants under a theory of *respondeat superior,* attempts to proceed under a statute (PREA) that provides no private cause of action, and alleges negligence claims that are not cognizable under §1983. To the extent the Complaint alleges violation of non-existent rights, the Complaint fails to state a claim for relief and is also factually and legally frivolous.

## IV.    Conclusion

The Court, having reviewed the complaint, the R & R, and Plaintiff's objections to the R & R, agrees with and **ADOPTS** the R & R as the order of the Court. The Court **summarily dismisses** the Complaint, with prejudice and without issuance and service of process. Pursuant to 28 U.S.C. § 1915(g), this case counts as a strike.

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

February 3, 2017
Charleston, South Carolina

4